NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4163
_____

UNITED STATES OF AMERICA

v.

LEROY ROEBUCK,
                                    Appellant

_____

On Appeal from the District Court
of the United States Virgin Islands
District Court  No. 3-09-cr-00010-001
District Judge: The Honorable Curtis V. Gomez

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 16, 2010

Before: McKEE, *Chief Judge*, FUENTES and SMITH, *Circuit Judges*

(Filed: December 20, 2010)

_____

OPINION
_____

SMITH, *Circuit Judge.*

Leroy Roebuck pled guilty to possessing marijuana with intent to distribute on

July 15, 2009.  Under the terms of the plea agreement, the United States agreed to

dismiss part of the indictment, to file a U.S.S.G. § 5K1.1 motion for downward departure

at sentencing, and to specifically recommend a sentence of probation.  At the sentencing

hearing, however, the prosecutor did not recommend probation, and instead voiced a recommendation of zero to six months' imprisonment. The District Court imposed a sentence of six months' imprisonment, whereupon defense counsel reminded the prosecutor of his commitment to recommend probation. The parties and the court conferred at a sidebar, where the government acknowledged that it had inadvertently reneged on part of its share of the plea bargain. The court did not alter its sentence, but instead instructed the parties to file appropriate motions. Both the government and the defendant complied, filing separate motions for a stay of the sentence. The court denied both motions on October 13, 2009. The government filed a motion for resentencing two days later, but the court entered judgment imposing the six-month sentence that same day. The defendant timely appealed his sentence, asking that the case be remanded to the District Court for resentencing. To its credit, the government acknowledges its error and supports the defendant's request that the plea bargain be enforced.

Whether the government has violated the terms of a plea agreement is a question of law to be reviewed de novo; if a violation is found the case must be remanded either for resentencing or for withdrawal of the guilty plea. *United States v. Moscahlaidis*, 868 F.2d 1357, 1360 (3d Cir. 1989) (citing *Santobello v. New York*, 404 U.S. 257 (1971); *United States v. Miller*, 565 F.2d 1273 (3d Cir. 1977); *United States v. Crusco*, 536 F.2d 21 (3d Cir. 1976)). We agree with the parties that the government violated the terms of the plea agreement by failing to recommend a sentence of probation. The prosecution made a commitment and admits failing to live up to it. The attempted correction at the sidebar conference came too late to affect the District Court's decision and was not an

adequate substitute for specific performance.  Accordingly, vacatur of the sentence is warranted.

As to remedy, the defendant does not ask to withdraw his plea, preferring instead to be resentenced in accordance with the terms of his agreement.  We agree that this is the appropriate resolution of the case, and will therefore remand with instructions that the defendant be resentenced by a different judge.